**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1708**

SELVIN SANTOS MORENO,

                Petitioner,

        v.

LORETTA E. LYNCH, Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Argued:  September 16, 2015          Decided:  October 20, 2015

Before KING, KEENAN, and FLOYD, Circuit Judges.

Petition for review denied by unpublished opinion.  Judge Keenan
wrote the opinion, in which Judge King and Judge Floyd joined.

**ARGUED**: Jim Melo, U.S. COMMITTEE FOR REFUGEES & IMMIGRANTS,
Raleigh, North Carolina; Allison Lukanich, MELO & HURTADO PLLC,
Raleigh, North Carolina, for Petitioner.  Timothy G. Hayes,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.  **ON BRIEF**: Kevin Schroeder, Nitin Kumar Goyal, MELO
& HURTADO PLLC, Raleigh, North Carolina, for Petitioner.  Joyce
R. Branda, Acting Assistant Attorney General, Civil Division,
Keith I. McManus, Senior Litigation Counsel, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

Petitioner Selvin Santos Moreno, a citizen of Honduras, seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) order of removal. The IJ ordered that Santos Moreno be removed from the United States, concluding that he was not eligible for asylum, withholding of removal, or protection under the Convention Against Torture (CAT). Santos Moreno argued before the IJ and the BIA that he fears persecution if returned to Honduras, based on his membership in a particular social group he defined as "Hondurans who have been targeted by the police and their criminal associates to engage in drug trafficking." The BIA, relying in part on the IJ's opinion, concluded that Santos Moreno failed to establish the required nexus between the harm he fears and his status as a member of a particular social group. Upon our review, we conclude that the BIA's holding is supported by substantial evidence and, therefore, we deny Santos Moreno's petition for review.

I.

Santos Moreno entered the United States without inspection in February 2011, and was apprehended at the border by United States Customs and Border Patrol agents. An asylum officer interviewed Santos Moreno and concluded that he had shown a

3

credible fear of persecution. Shortly thereafter, the Department of Homeland Security issued a notice to appear, charging Santos Moreno with removability.

In removal proceedings before the IJ, Santos Moreno conceded his removability but sought asylum, withholding of removal, and protection under CAT. Santos Moreno argued that he is entitled to asylum because he was persecuted by a police officer in Honduras on account of Santos Moreno's membership in a particular social group, namely, "Hondurans who have been targeted by the police and their criminal associates to engage in drug trafficking."

Santos Moreno testified that while working as a bus driver in Honduras in 2010, he stopped regularly at a police "checkpoint" where he became friendly with a police officer named Vasquez. Nearly a year after their first meeting, Officer Vasquez asked Santos Moreno if he would transport packages containing drugs, and stated that the work would be lucrative for Santos Moreno. Santos Moreno refused.

According to Santos Moreno, about two weeks later, Vasquez and two other persons dressed in civilian clothes boarded Santos Moreno's bus. When Santos Moreno reiterated that he would not participate in transporting drugs, Vasquez beat Santos Moreno with a gun and his fists until Santos Moreno lost consciousness. When he revived, Santos Moreno returned his bus to the station

4

and "took a cab" to a family member's home, where he remained for about two months until he left Honduras for the United States. He did not seek medical treatment prior to his departure and never reported the incident to the police.

Santos Moreno further testified that after his departure from Honduras, unknown individuals approached his former employer and his family members inquiring about his whereabouts. His family members later moved to a different part of Honduras, and have not received any further communications from these unknown persons.

The IJ denied Santos Moreno's application for asylum. The IJ identified several issues regarding Santos Moreno's credibility, but ultimately deemed him credible. However, the IJ rejected Santos Moreno's definition of the "particular social group" that formed the basis of his mistreatment. The IJ concluded that the defined group, "Hondurans who have been targeted by the police and their criminal associates to engage in drug trafficking," reflected circular reasoning, in that the social group was defined by the alleged persecution its members suffered. The IJ also determined that Vasquez acted in his personal capacity when targeting Santos Moreno, due to their friendship and because Santos Moreno was in a position to assist Vasquez in his criminal enterprise. The IJ therefore concluded that Santos Moreno had not proved that he suffered any harm on

account of a protected ground and ordered his removal from the United States.

The BIA dismissed Santos Moreno's appeal from the IJ's decision. Citing the IJ's conclusion that Santos Moreno's defined social group was based on circular reasoning, the BIA "agree[d] with the [IJ] that [Santos Moreno] did not submit sufficient evidence to establish the required nexus between the harm he fears and his status as a member of a particular social group whose members have faced persecution based on a protected ground." The BIA also stated that "[t]here is no evidence to suggest that Vasquez was acting in [a] police capacity, or was part of a larger police conspiracy, at the time he asked the respondent to be a drug courier." This petition for review followed.


                              II.

In his petition, Santos Moreno argues that the BIA erred in concluding that he did not belong to a particular social group. Santos Moreno contends that the BIA's failure to identify properly his proposed social group also caused the BIA to err in concluding that he had failed to establish a nexus between the harm he fears and his proposed social group. Santos Moreno further asserts that the BIA improperly collapsed the state actor requirement into its analysis whether such a nexus

6

existed, and wrongly concluded that Officer Vasquez was not a state actor. Finally, Santos Moreno contends that the BIA provided insufficient analysis in concluding that he had failed to establish the required nexus, that he had not shown past persecution, and that he did not have a well-founded fear of future persecution. We disagree with Santos Moreno's arguments.

A.

On a petition for review of a BIA decision holding that an applicant is ineligible for asylum, we may vacate a denial of asylum only if it is "manifestly contrary to law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). In making this determination, we consider the whole record, asking "whether the BIA's ruling is supported by reasonable, substantial, and probative evidence." Ngarurih v. Ashcroft, 371 F.3d 182, 188 (4th Cir. 2004). We will reverse the BIA's determination only if the petitioner "presented evidence that was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id.

An applicant seeking asylum must show that he is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of" a protected ground, namely, "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Such persecution occurs "on account of" a

7

protected ground if the protected ground was "at least one central reason for" the persecution. 8 U.S.C. § 1158(b)(1)(B)(i) (citing 8 U.S.C. § 1101(a)(42)(A)).

B.

As an initial matter, Santos Moreno contends that the BIA erred by mischaracterizing his proposed social group as "Hondurans who are pressured into running drugs," as opposed to "Hondurans who have been targeted by the police and their criminal associates to engage in drug trafficking." We find no merit in this argument. Santos Moreno used the challenged definition himself in his brief submitted to the BIA and, thus, we will not permit him to assign error to his own formulation. Nevertheless, we will rely on Santos Moreno's preferred language in evaluating the BIA's determination regarding the validity of the proposed social group.

Membership in "a particular social group" is a protected ground if that group is "a group of persons all of whom share a common, immutable characteristic." Crespin-Valladares v. Holder, 632 F.3d 117, 124 (4th Cir. 2011). We agree with the BIA's conclusion that Santos Moreno's proposed "particular social group" is impermissible because it is defined based on

8

circular reasoning.[1]  Santos Moreno has proposed a "particular social group" that is defined after-the-fact by what happened to him and only him.  Santos Moreno cannot identify any other members of this group, nor can he identify anyone else who was targeted by "the police and their criminal associates" to engage in unlawful drug activity.  In the absence of a properly defined social group, Santos Moreno has failed to establish the required nexus between his feared harm and his membership in a "particular social group."

Santos Moreno contends, nonetheless, that the BIA erroneously collapsed the "state actor" requirement into the determination whether he established a nexus between the harm he feared and a protected ground.  We disagree with this contention, because Santos Moreno's definition of his particular social group required that the BIA use its employed mode of analysis.

Persecution occurs when the harm is caused "by either a government or an entity that the government cannot or will not control."  Crespin-Valladares, 632 F.3d at 128.  Typically, the BIA considers whether someone is a "state actor" in the context

---

[1] This Court may consider the IJ's opinion either when the BIA adopts the IJ's opinion without issuing its own decision or when the BIA adopts some portion of the IJ's reasoning.  See Martinez v. Holder, 740 F.3d 902, 908 n.1 (4th Cir. 2014).

of evaluating whether such persecution occurred. Here, however, Santos Moreno's ill-defined social group required that the BIA consider whether Vasquez was a "state actor," in order to determine whether there was an established nexus between the harm Santos Moreno fears in returning to Honduras and his membership in a particular social group. Because Santos Moreno defined his particular social group as Hondurans targeted by "the police and their criminal associates" to aid in drug trafficking, that definition required the BIA to consider whether Vasquez was acting on behalf of the police in targeting a group of people to transport illegal drugs, and whether Vasquez attacked Santos Moreno on account of his membership in that group. We therefore conclude that the BIA correctly incorporated into its nexus analysis the question whether Vasquez's role was that of a "state actor" when he solicited Santos Moreno to engage in illegal drug activity.

We also conclude that substantial evidence supports the BIA's conclusion that Vasquez was not a "state actor." Although Santos Moreno is correct that some courts have assumed that a single officer's actions can satisfy the "state actor" requirement, see Boer-Sedano v. Gonzales, 418 F.3d 1082, 1088 (9th Cir. 2005), the conclusion does not follow that every time a single employee of a state inflicts harm on another, the "state actor" requirement is met. Fear of retribution over

10

purely personal matters will not support an asylum application, Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 284 (4th Cir. 2004), and this rule remains true even when the personal dispute involves a person employed by the state, see Zoarab v. Mukasey, 524 F.3d 777, 780-81 (6th Cir. 2008) (determining there was no nexus established between the purported persecution and a political opinion, even though the purported harm was inflicted by a member of the United Arab Emirates royalty, because the dispute was purely personal); Iliev v. I.N.S., 127 F.3d 638, 642 (7th Cir. 1997) (concluding that an asylum applicant's dispute with a Bulgarian secret service agent was "personal, not political," and rejecting the asylum application).

In the present case, the record establishes that Vasquez targeted Santos Moreno for personal reasons. Santos Moreno testified that Vasquez tried to recruit Santos Moreno to engage in transporting illegal drugs because the two men had developed a friendship. Santos Moreno could not identify any other police officers who had asked him to engage in such conduct, nor did Santos Moreno know of any other bus drivers that either Vasquez or other police officers had targeted for the same purpose. Perhaps most importantly, Santos Moreno testified that Vasquez and his conspirators continued to look for Santos Moreno after he had left his employment out of concern that Santos Moreno might have identified Vasquez to the police. This assertion by

Santos Moreno, that Vasquez was concerned about being identified to the police, completely undermines Santos Moreno's core contention that Vasquez was acting on behalf of the police as a "state actor."

We therefore agree that substantial evidence supports the BIA's determination that Vasquez attacked Santos Moreno for refusing to participate in criminal activity unrelated to Vasquez's role as a police officer, rather than because Santos Moreno was a member of a group who had resisted transporting drugs for the police force. Thus, in the context of Santos Moreno's particular claim, because he failed to prove that Vasquez was a "state actor," he necessarily failed to demonstrate a nexus between the harm he suffered and his membership in a particular social group.

Santos Moreno next argues that the BIA provided insufficient analysis regarding the question whether he suffered past persecution or has a well-founded fear of future persecution. We find no merit in this contention. Because the BIA concluded that Santos Moreno failed to establish the necessary nexus between his membership in a particular social group and the harm he fears, the BIA was not required to analyze these additional, alternative components of an asylum claim.

We also agree with the BIA's conclusion that, because Santos Moreno has failed to establish a nexus between his feared

12

harm and any protected ground that would qualify him for asylum, Santos Moreno cannot meet the more stringent standard for withholding of removal. See Chen v. U.S. I.N.S., 195 F.3d 198, 205 (4th Cir. 1999) (determining an applicant is ineligible for withholding of removal based on the conclusion that he did not qualify for asylum). And, finally, although Santos Moreno does not address the BIA's holding with respect to the CAT, we find no error in the BIA's conclusion that Santos Moreno does not qualify for protection under the CAT, because he did not show that he likely would face torture by or with the acquiescence of the Honduran government. 8 C.F.R. § 1208.16(c)(2).

III.

For these reasons, we deny Santos Moreno's petition for review.

PETITION FOR REVIEW DENIED

13